

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS

**PRICE DANIEL**
**ATTORNEY GENERAL**

April 9, 1949

Hon. Joe P. Gibbs
Casualty Insurance Commissioner
Board of Insurance Commissioners
Austin, Texas

Opinion No. V-807

Re: Legality of a "Waiver of
Subrogation Endorsement"
under Art. 8307, Sec. 6a,
Revised Civil Statutes
of Texas

Dear Commissioner Gibbs:

Your request for an opinion is in part as
follows:

"This Department has received several
requests for approval of the following or a
similar endorsement to be attached to Work-
men's Compensation policies:

"'It is understood and agreed that
the company hereby waives the right
of subrogation under the policy to
which this endorsement is attached
against the _____.'
            Name of Employer

"In view of the section of the Workmen's
Compensation statute quoted above, can the
Board of Insurance Commissioners legally ap-
prove a 'Waiver of Subrogation Endorsement'
for attachment to Texas Standard Workmen's
Compensation policies?"

Your request indicates that you are concerned
solely with the legality of the above endorsement as test-
ed by Article 8307, Sec. 6a, V.C.S. This opinion, there-
fore deals only with that question.

Article 8307, Sec. 6a, V.C.S., provides:

"Where the injury for which compensation is
payable under this law was caused under circum-

stances creating a legal liability in some person
other than the subscriber to pay damages in re-
spect thereof, the employee may at his option
proceed either at law against that person to re-
cover damages or against the association for com-
pensation under this law, but not against both,
and if he elects to proceed at law against the
person other than the subscriber, then he shall
not be entitled to compensation under this law.
If compensation be claimed under this law by the
injured employee or his legal beneficiaries,then
the association shall be subrogated to the rights
of the injured employee, insofar as may be neces-
sary, and may enforce, in the name of the injured
employee or of his legal beneficiaries or in its
own name and for the joint use and benefit of said
employee or beneficiaries and the association, the
liability of said other person, and in case the
association recover a sum greater than that paid
or assumed by the association to the employee or
his legal beneficiaries, together with a reasona-
ble cost of enforcing such liability, which shall
be determined by the court trying the case, then
out of the sum so recovered the association shall
reimburse itself and pay said cost, and the excess
so recovered shall be paid to the injured employee
or his beneficiaries. The association shall not
have the right to adjust or compromise such lia-
bility against such third person without notice to
the injured employee or his beneficiaries, and the
approval of the Board, upon a hearing thereof."

    The procedure contemplated by this statute is that
the employee has a choice of remedies. In the event such
employee proceeds against the association and receives com-
pensation, the cause of action remains alive. He may then
proceed against a third party based upon such third party's
liability irrespective of whether or not the association
chooses to exercise its right of subrogation. In the case
of Galveston, H and S. A. Railway Company v. Wells, 15
S.W.2d 16, 53, affirmed 121 Tex. 310, 50 S.W.2d 247, the
plaintiff alleged a cause of action for damages, it appear-
ing that the plaintiff had already received compensation
under the Workmen's Compensation Act. The Court held:

    "It is now well-settled law that, when an
employee's representatives accept compensation
for death under the Workmen's Compensation
Statute (Rev. St. 1925, arts. 8306-8309), they
are not precluded from recovering against neg-
ligent third persons, though the compensation

Hon. Joe P. Gibbs, page 3, V-807

insurance company which carried the risk re-
fuses or fails to prosecute such suit; that
the right of the insurer to be subrogated to
the rights of the representatives of the de-
ceased employee is for the insurer's benefit
to the extent of sums advanced to such repre-
sentatives; and that any excess of any recov-
ery had in such suit is to be for the benefit
of such representatives." (Emphasis supplied)

Again, in Schnick v. Morris, 24 S.W.2d 491,497
(Tex. Civ. App. 1929,error ref.), the Court in interpret-
ing the rights of subrogation provided under Art. 8307,
Sec. 6a, declared:

"This assignment is directed at the court's
overruling appellant's plea in abatement, and is
based on article 8307, Sec. 6a, R. S. We think
the assignment should be overruled. The Texas
Workmen's Compensation Law, the provision of which
is invoked by appellant, evidently contemplates
that the injured employee is the real beneficiary
in cases where the damages suffered exceed, as
they most always do, the amount received by the
employee from the indemnifying association. It
has been frequently held that in equity the real
beneficiary may always be permitted to sue for
the protection and enforcement of his right where
the party having the mere legal title or right
fails or refuses to do so....The statute invoked
does not destroy or abrogate appellee's cause of
action, and it is well settled that when the in-
demnifying association fails to sue, as it did here,
the injured employee, or his beneficiary, may do so,
although compensation under the law may have been
claimed and received. Galveston H. & S. A. Rail-
way Co. v. Wells (Tex. Civ. App.) 15 S.W.2d 46, 53.
But appellant says the right of the indemnifying
association is absolute. Under the statute it
has an absolute right to institute suit, but such
right is not exclusive. The cause of action is
jointly owned by the injured employee or his ben-
eficiaries,and the insurance carrier. The right
of the insurer to be subrogated to the rights
of the injured employee is for the insurer's
benefit to the extent only of the sums paid by
it to the injured employee or his beneficiaries,
while the excess of any recovery had in such suit
against the negligent third party is for the ben-
efit of the injured employee and his beneficiar-
ies. The statute expressly provides that, where

the association brings the suit, it 'shall not have the right to adjust or compromise such liability against such third person without notice to the injured employee or his beneficiaries and the approval of the board, upon a hearing thereof.' This recognizes in and preserves to the injured employee or his beneficiaries a continuing right to assert a claim for damages against the negligent third person causing the injury, over and above the compensation claimed and received from the insurance association. . ."

Based upon the above authorities, it is clear that the employee's rights are not impaired by the action or inaction of the association, but rather that the employee, though in receipt of his compensation, can sue in his own name and recover amounts greater than that received under the Workmen's Compensation Law, regardless of the position of the association. Furthermore, the right of subrogation of the association is a property right that can be waived or otherwise contracted away.

The case of Foster v. Langston, 170 S.W.2d 250, (Tex. Civ. App. 1943) held that:

"The right of the Insurance Association to subrogation or the right of the injured employee to any excess recovery over against a third person for injuring him, above the amount of compensation received by him, is property, a chose in action and is subject to sale or assignment. . ." (Emphasis supplied)

It follows that the "waiver of subrogation endorsement" under consideration here does not and could not affect the rights of the employee. The only rights changed are those existing between the association and the third party. This right of subrogation is one that may be sold or assigned. It is within the rights of the association to waive it if it sees fit. The statutory language declaring "the Association shall not have the right to adjust or compromise such liability against such third party. . ." does not invalidate such waiver because the employee may proceed under the statutes exactly and with the same effect as if there were no such waiver of subrogation endorsement.

## SUMMARY

The Board of Insurance Commissioners may legally approve a waiver of subrogation endorsement because the employee, under Article 8307, Sec. 6a, may receive compensation from the association and still proceed against a third person for damages. Galveston H. & S. A. Ry. Co. v. Wells, 15 S.W.2d 46 (Tex. Civ. App.), affirmed 121 Tex. 310, 50 S.W.2d 247. A waiver of subrogation by the association does not interfere with this right, such waiver being a property right of the association that may be waived.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Joe H. Reynolds
Assistant


APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL

JHR/rt:jrb